# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

DALE C. CHRISTENSEN JR.
PARTNER
(212) 574-1589
christensen@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

## MEMO ENDORSED

September 27, 2013

*[Handwritten: The application is granted to the extent that the "original face amount" in each paragraph may be redacted. The application is otherwise denied.]*

VIA FACSIMILE

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

**SO ORDERED:**

*[signature]*

**Paul G. Gardephe, U.S.D.J.**

Re: Wells Fargo Bank, N.A. v. OZ Enhanced Master Fund, et al.,
13 Civ. 06781 (PGG) (SDNY)

**Dated:** October 2, 2013

Dear Judge Gardephe:

We are counsel to interpleader plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") in the above-captioned action.

We hereby request that, pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, the Court direct the Clerk to place the interpleader complaint under seal as expeditiously as possible and permit Wells Fargo to file the proposed redacted complaint submitted herewith for the public record.

As set forth in the enclosed declaration of Dale C. Christensen, Jr. dated September 27, 2013 ("Christensen Decl."), the interpleader complaint alleges certain facts regarding the class and amount of certain certificateholders' holdings in certificates issued by the Trust that is the subject matter of the interpleader complaint. Christensen Decl. ¶ 4; Complaint ¶¶ 5-15. We have been advised by counsel for interpleader defendants Och-Ziff Capital Management Group LLC ("OZ Management"), and certain investment funds advised by OZ Management (the "Certificateholders"), that these allegations contain confidential business information regarding the Certificateholders that their competitors may be able to use to their detriment should the interpleader complaint remain public. Christensen Decl. ¶¶ 6-7. Specifically, this holdings information reflects the trading strategy and positions of the Certificateholders, and their competitors may seek to use the information to trade against the Certificateholders. Christensen Decl. ¶ 7.

Under Second Circuit law, sealing of documents "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/2/13
```

The Honorable Paul G. Gardephe
September 27, 2013
Page 2

sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006) (citing *In re New York Times Co.*, 828 F.2d at 116). The relief sought by the instant motion satisfies both prongs of this standard. First, the Certificateholders' interests in protecting their proprietary and strategic business affairs override any presumption in favor of public access where, as here, the information sought to be protected could, we are informed, otherwise be used to interfere with the Certificateholders' business. Specifically, the allegations regarding the specific holdings of the Certificateholders is, we are informed, non-public information that may be used by their competitors to trade against the Certificateholders to the detriment of their business. Christensen Decl. ¶ 7. The interpleader complaint reflecting this information should therefore be sealed to protect the Certificateholders' operations and strategy information that could pose a risk to their ongoing business operations should the interpleader complaint remain public. *See, e.g., Hesse v. Sungard Sys. Int'l*, No. 12 Civ. 1990, 2013 U.S. Dist. LEXIS 7289, at *5 (S.D.N.Y. Jan. 14, 2013) (continuing seal order as to documents that "for the most part . . . include sensitive . . . proprietary business information"); *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing business records operations and strategy information); *Gelb v. Am. Tel & Tel. Co.*, 813 F. Supp. 1022, 1034 (S.D.N.Y. 1993) (sealing business information).

Second, the requested relief is narrowly tailored to protect the Certificateholders' confidentiality interests. The proposed redacted complaint enclosed herewith (Christensen Decl. Ex. A), which would be filed for the public record, redacts only the holdings information for the funds and the identity of the specific employee at OZ Management who initially inquired to Wells Fargo regarding such holdings. Christensen Decl. ¶ 10. Thus, the Certificateholders' confidentiality interests would be protected, while the public interest in access to the pleadings in this interpleader action would be maintained.

We therefore respectfully request that the Court enter an Order directing the Clerk to place the interpleader complaint placed under seal and permitting Wells Fargo to file the proposed redacted complaint for the public record.

Counsel for OZ Management and the Certificateholders has consented to this request. At this time, Wells Fargo has not been advised of the existence of outside counsel representing Assured Municipal Guaranty Corp. ("Assured"), the other known principal interpleader defendant. Assured, like OZ Management and the Certificateholders, has received notice of the complaint but has not been served. The Cede & Co. defendants and John Does are as yet unknown and have neither received notice nor been served. We respectfully submit that, if the Court is concerned that these future parties might wish to oppose the sealing of the interpleader complaint, the Court could allow the complaint to be sealed pending its review of objections, if any, by later-appearing counsel to the sealing.

The Honorable Paul G. Gardephe
September 27, 2013
Page 3

      We appreciate the Court's attention to this urgent matter.

Respectfully yours,

Dale C. Christensen, Jr.

Enclosures

cc: Jayant W. Tambe, Esq.