UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/2014

WELLS FARGO BANK, N.A., solely in its capacity as Trust Administrator of MASTR Adjustable Rate Mortgages Trust 2007-3,

        Interpleader Plaintiff,

-against-

WALES LLC; ASSURED GUARANTY MUNICIPAL CORP (f/k/a FINANCIAL SECURITY ASSURANCE INC.); THE DEPOSITORY TRUST COMPANY; CEDE & CO., as registered holder of certain certificates and nominee name of the Depository Trust Company; and DOES 1 THROUGH 100, beneficial owners of certain Certificates,

        Interpleader Defendants.

**ORDER**

13 Civ. 6781 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this interpleader action concerning the distribution of certain funds from a residential mortgage-backed securitization trust, Proposed Intervenor Battenkill Insurance Company, LLC ("Battenkill") seeks to file an exhibit to its motion to intervene under seal, with a redacted version to be publicly filed. (See Jan. 10, 2014 Musoff Decl., Exs. 1, 2) For the reasons set forth below, Battenkill's request will be denied.

## BACKGROUND

        Interpleader Plaintiff Wells Fargo Bank, N.A., brings this action in its capacity as Trust Administrator of the "MASTR Adjustable Rate Mortgages Trust 2007-3," a residential mortgage-backed securitization. (Amended Interpleader Cmplt. (Dkt. No. 15)) Wells Fargo seeks adjudication of the respective rights of the Interpleader Defendants – Wales LLC, Assured

Guaranty Municipal Corp. ("Assured"), the Depository Trust Company, Cede & Co., and Does 1 through 100 (unknown beneficial owners of certain certificates issued by the trust) – to certain trust proceeds. Interpleader Defendants Wales and Assured have asserted cross-claims against one another with respect to these proceeds. (Dkt. Nos. 25, 27) The Depository Trust Company and Cede & Co. represent that they are only nominal parties and do not intend to take an active role in this litigation. (Dkt. Nos. 29, 31)

This dispute arises out of competing interpretations of the priority-of-payment provisions (the "waterfall provisions") of the trust. In particular, at issue is whether Assured – the financial guaranty insurer for certain certificates issued by the trust – has an independent right to reimbursement from the trust proceeds under the waterfall provisions for prior insurance claim payments, or whether it is only entitled to subrogation of the rights of the certificate holders whose certificates it insures. (Amended Interpleader Cmplt. (Dkt. No. 15) ¶¶ 10-34)

Battenkill – a reinsurer of Assured – seeks to intervene in this action as an interpleader defendant and cross-claimant. (Dkt. No. 41) Battenkill's motion to intervene will be fully briefed by January 31, 2014. (Id.)

In a January 10, 2014 letter, Battenkill requests that this Court permit an exhibit to its motion to intervene – which has been served on the parties, but not yet filed with the Court – to be filed under seal, with a redacted version made publicly available. (Jan. 10, 2014 Battenkill Ltr.) The exhibit is a reinsurance agreement between Assured and Battenkill. Battenkill seeks to redact most of the agreement's provisions, asserting that these provisions contain "certain sensitive and confidential settlement information not related to the intervention motion" that would "harm Battenkill's competitive business interests and its or its affiliates' positions relating to pending litigation" if disclosed. (Id. at 1, 2)

## DISCUSSION

Generally, documents filed in relation to a motion "are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 126 (2d Cir. 2006). This "presumption of access . . . can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." Id.

The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal. Id. at 119-20. First, a court must determine whether the presumption of access attaches. A presumption of access attaches to any item that constitutes a "judicial document" – i.e., an "'item . . . relevant to the performance of the judicial function and useful in the judicial process.'" Id. at 119 (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I")). Second, if the court determines that the item to be sealed is a judicial document, the court must then determine the weight of the presumption of access. Id. "'[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II")) (alteration in original). "'Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'" Id. (quoting Amodeo II at 1049). Finally, after determining the weight of the presumption of access, the court must "'balance competing considerations against it.'" Id. at 120 (quoting Amodeo II at 1050). "Such countervailing factors include but are not limited to 'the danger of impairing law

3

enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" Id. (quoting Amodeo II at 1050).

The exhibit that Battenkill has requested be sealed is submitted in support of its motion to intervene, and is thus clearly a "judicial document." There is a strong presumption of access to such materials, as they "directly affect" courts' adjudication of issues.[1] See, e.g., Caxton Int'l Ltd. v. Reserve Int'l Liquidity Fund, Ltd., No. 09 Civ. 782PGG, 2009 WL 2365246, *3 (S.D.N.Y. July 30, 2009). In particular, the reinsurance agreement defines the rights and obligations of Battenkill and Assured with respect to Battenkill's reinsurance of certain "Covered Policies" – one of which is Assured's insurance policy covering certain certificates issued by the MASTR Adjustable Rate Mortgage Trust 2007-3. These rights and obligations directly pertain to Battenkill's interest in the trust proceeds that are the subject of this action, which the Court

---

[1] Battenkill asserts that the reinsurance agreement "was entered into as part of a broader resolution of litigation claims brought by Assured against Battenkill's corporate affiliate." (Jan. 10, 2014 Musoff Decl. ¶ 2) Battenkill contends that "the presumption of public access is . . . at its weakest where, as here, the documents involve a settlement agreement that has not been submitted to the Court for ratification." (Jan. 10, 2014 Battenkill Ltr. at 2) This argument mischaracterizes the document in question and misconstrues the presumptions and interests that must be balanced in considering a sealing request, however. The case Battenkill relies upon – United States v. Glens Falls Newspapers, Inc., 160 F.3d 853, 857 (2d Cir. 1998) – upheld a protective order relating to discussions and documents connected to ongoing settlement negotiations. The Second Circuit found that the presumption of access to such discussions and documents was weak because they "play[ed] a 'negligible role' in the trial judge's exercise of Article III judicial power" before a final agreement had been reached. Id. (quoting Amodeo II, 71 F.3d at 1050). The court also found that "[t]he need for a fair and efficient resolution through settlement of th[e] complex, expensive, ten-year-old case of great public importance far outweigh[ed] the negligible presumption of access to settlement materials." Id. at 858. Here, in contrast, the document at issue directly relates to the Court's judicial function, as the Court's adjudication of Battenkill's motion to intervene will require the Court to review and analyze the reinsurance agreement. In addition, the countervailing policy in favor of encouraging settlement discussions is not a factor here; settlement negotiations between Battenkill and Assured with respect to this agreement are not ongoing, as the agreement is final and has been in effect since July 2013.

4

must evaluate in considering whether to grant Battenkill's motion to intervene.[2] See Fed. R. Civ. P. 24.

To rebut the strong presumption of access here, Battenkill must offer specific facts "'demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" Lugosch, 435 F.3d at 120 (quoting Matter of New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)).

Battenkill has not met this standard. It has provided almost no factual basis for this Court to make a finding as to whether sealing is appropriate. Battenkill offers only boilerplate statements in the January 10, 2014 declaration of Scott D. Musoff in support of its request. Musoff states that

> [t]he Reinsurance Agreement contains sensitive information regarding the terms, structure and implementation of a reinsurance agreement designed to resolve litigation claims brought by Assured relating to inter alia the MARM 2007-3 transaction. The Reinsurance Agreement also contains a confidentiality provision, which prevents the parties from publicly disclosing the information contained therein due to its sensitive nature.
> . . .
> Given the proprietary and sensitive nature of the information contained in the Reinsurance Agreement, the competitive business interests of Battenkill and its corporate affiliates would be harmed if such information were made public.
> . . .
> In addition, in light of other pending litigation, [Battenkills's corporate affiliate] UBS RESI would be prejudiced if information concerning the confidential terms of the Reinsurance Agreement were made public.

---

[2] Battenkill asserts that "the proposed redacted version of the Reinsurance Agreement does not redact any information relied upon by Battenkill in support of its motion to intervene." (Jan. 10, 2014 Musoff Decl. ¶ 7) Given that Battenkill has not provided the Court with a copy of its motion papers, the Court cannot evaluate Battenkill's argument. In any event, the Court's review of the reinsurance agreement indicates that Battenkill's proposed redactions would remove definitions for words that are used in the unredacted portions of the agreement. The redactions would render the unredacted portions meaningless. Battenkill also proposes to redact provisions defining Battenkill and Assured's rights and obligations to one another, which appear to provide necessary context for understanding the provisions that relate to the trust. Finally, even if Battenkill does not rely on the material redacted from the reinsurance agreement, parties opposing its motion to intervene may do so.

5

(Jan. 10, 2014 Musoff Decl. ¶¶ 4-6)

       This submission provides no insight into, <u>inter alia</u>, how disclosure of the reinsurance agreement would cause competitive harm to Battenkill or its corporate affiliates, or how disclosure would prejudice Battenkill and its corporate affiliates in "pending litigation." Battenkill's submission indicates that the reinsurance agreement is in its final form and has been binding upon Battenkill and Assured since July 11, 2013. That it contains a confidentiality clause is not binding here, given the public's right of access to "judicial documents." The confidentiality provision also expressly anticipates and allows for disclosure in the event of litigation. (<u>See</u> Jan. 10, 2014 Musoff Decl., Ex. 2 at 24 ("The Ceding Company [Assured] and the Reinsurer [Battenkill] (each the "Receiving Party") hereby covenant and agree . . . not [to] disclose . . . any Confidential Information . . . except . . . (iii) in connection with legal proceedings relating to the enforcement of the rights of such Receiving Party and its Affiliates under this Agreement and the Trust Agreements . . .")); <u>cf.</u> <u>Lugosch</u>, 435 F.3d at 126 (finding it significant – in weighing the effect of a court-issued confidentiality order on the interests at stake in the sealing analysis – that the order "specifically contemplate[d] relief from [its] provisions"). Battenkill has put the terms of its reinsurance agreement with Assured at issue by seeking to intervene in this action, and has not demonstrated countervailing interests sufficient to justify sealing. Battenkill's boilerplate allegations do not permit this Court to make "specific, on-the-record findings" that "closure is necessary to preserve higher values." <u>Lugosch</u>, 435 F.3d at 120.

## CONCLUSION

For the foregoing reasons, Battenkill's request to file under seal its reinsurance agreement with Assured is denied.

Dated: New York, New York
      January 24, 2014         SO ORDERED.

                                                Paul G. Gardephe
                                                United States District Judge