UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, N.A., solely in its capacity as Trust Administrator of MASTR Adjustable Rate Mortgages Trust 2007-3,<br><br>　　　　　　Interpleader Plaintiff,<br><br>　　v.<br><br>WALES LLC, ASSURED GUARANTY MUNICIPAL CORP. (f/k/a FINANCIAL SECURITY ASSURANCE INC.), THE DEPOSITORY TRUST COMPANY, CEDE & CO., as registered Holder of certain Certificates and nominee name of the Depository Trust Company, and DOES 1 through 100, beneficial owners of certain Certificates,<br><br>　　　　　　Interpleader Defendants. | Case No. 13 Civ. 06781(PGG) (HP)<br><br>**ECF Case**<br><br>**Electronically Filed** |

**OPPOSITION OF INTERPLEADER DEFENDANT WALES LLC TO
BATTENKILL INSURANCE COMPANY, LLC'S MOTION TO INTERVENE**

JONES DAY
222 East 41st Street
New York, New York 10017
(212) 326-3939
*Attorneys for Interpleader Defendant
Wales LLC*

**TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................................... 1
BACKGROUND ....................................................................................................................... 1
ARGUMENT ............................................................................................................................. 3
I.   BATTENKILL DOES NOT SATISFY THE REQUIREMENTS OF RULE 24(A) TO INTERVENE AS OF RIGHT ................................................................... 3
    A.   Battenkill's Interests Are Adequately Represented by An Existing Party ............ 4
    B.   Battenkill Otherwise Fails To Claim A Direct Interest That Is The Subject Of This Interpleader Action ................................................................... 6
    C.   The Disposition of this Matter Will Not, As A Practical Matter, Impede Battenkill's Ability To Protect Its Interest ............................................. 7
II.  BATTENKILL DOES NOT SATISFY THE REQUIREMENTS OF RULE 24(B) TO PERMISSIVELY INTERVENE ................................................................. 8
    A.   Battenkill Fails To Satisfy The Four Factor Test ..................................................... 8
    B.   Intervention Will Result In Undue Delay And Prejudice ...................................... 8
    C.   Intervention Should Be Denied Because Battenkill Fails To Demonstrate How It Will Uniquely Contribute To This Interpleader ......................................... 9
III. INDEPENDENTLY, INTERVENTION IS INAPPROPRIATE BECAUSE IT WOULD ALTER THE LIMITED SCOPE OF THIS INTERPLEADER ACTION ...... 10
CONCLUSION ......................................................................................................................... 11

## **TABLE OF AUTHORITIES**

Page

**CASES**

*Am. Lung Ass'n v. Reilly*,
    141 F.R.D. 19 (E.D.N.Y. 1992),
     *aff'd*, 962 F.2d 258 (2d Cir. 1992)......................................................................................9

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
    250 F.3d 171 (2d Cir. 2001).................................................................................................4

*Chevron Corp. v. Donziger*,
    No. 11 Civ. 0691(LAK), 2011 WL 2150450 (S.D.N.Y. May 31, 2011)..........................9, 10

*Citizens Against Casino Gambling in Erie Cnty. v. Hogen*,
    417 F. App'x 49 (2d Cir. 2011) ...........................................................................................9

*Cole Mechanical Corp. v. Nat'l Grange Mut. Ins. Co.*,
    No. 06 Civ. 2875(LAK)(HBP), 2007 WL 2593000 (S.D.N.Y. Sept. 7, 2007).......................5

*Compagnie Noga D'Imp. Et D'Exp. S.A. v. The Russian Fed'n*,
    No. 00 Civ. 0632(WHP), 2005 WL 1690537 (S.D.N.Y. July 20, 2005).......................10-11

*Consol. Edison, Inc. v. Ne. Utils.*,
    No. 01 Civ. 1893(JGK), 2004 WL 35445 (S.D.N.Y. Jan. 7, 2004).......................................5

*Drum Major Music Entm't Inc. v. Young Money Entm't, LLC*,
    No. 11 Civ. 980(LBS), 2012 WL 208107 (S.D.N.Y. Jan. 18, 2012)..................................5, 8

*Gulino v. Bd. of Educ.*,
    No. 96 CV 084414(KMW), 2009 WL 2972997 (S.D.N.Y. Sept. 17, 2009) .......................6, 8

*H.L. Hayden Co. of New York v. Siemens Med. Sys., Inc.*,
    797 F.2d 85 (2d Cir. 1986)............................................................................................... 8-9

*Home Ins. Co. v. Liberty Mut. Ins. Co.*,
    No. 87 Civ. 0675 (SWK), 1990 WL 188925 (S.D.N.Y. Nov. 20, 1999).................................6

*In re Am. Int'l Grp., Inc. Derivative Litig.*,
    No. 07 Civ. 10464(LTS), 2009 WL 5061745 (S.D.N.Y. Dec. 23, 2009)...........................6, 8

*In re Bank of New York Derivative Litig.*,
    320 F.3d 291 (2d Cir. 2003)..................................................................................................8

*Ionian Shipping Co. v. British Law Ins. Co.*,
    426 F.2d 186 (2d Cir. 1970)......................................................................................8, 9, 10

Page

**CASES**

*Am. Lung Ass'n v. Reilly*,
    141 F.R.D. 19 (E.D.N.Y. 1992),
     *aff'd*, 962 F.2d 258 (2d Cir. 1992)......................................................................................9

*Butler, Fitzgerald & Potter v. Sequa Corp.*,
    250 F.3d 171 (2d Cir. 2001).................................................................................................4

*Chevron Corp. v. Donziger*,
    No. 11 Civ. 0691(LAK), 2011 WL 2150450 (S.D.N.Y. May 31, 2011)..........................9, 10

*Citizens Against Casino Gambling in Erie Cnty. v. Hogen*,
    417 F. App'x 49 (2d Cir. 2011) ...........................................................................................9

*Cole Mechanical Corp. v. Nat'l Grange Mut. Ins. Co.*,
    No. 06 Civ. 2875(LAK)(HBP), 2007 WL 2593000 (S.D.N.Y. Sept. 7, 2007).......................5

*Compagnie Noga D'Imp. Et D'Exp. S.A. v. The Russian Fed'n*,
    No. 00 Civ. 0632(WHP), 2005 WL 1690537 (S.D.N.Y. July 20, 2005).......................10-11

*Consol. Edison, Inc. v. Ne. Utils.*,
    No. 01 Civ. 1893(JGK), 2004 WL 35445 (S.D.N.Y. Jan. 7, 2004).......................................5

*Drum Major Music Entm't Inc. v. Young Money Entm't, LLC*,
    No. 11 Civ. 980(LBS), 2012 WL 208107 (S.D.N.Y. Jan. 18, 2012)..................................5, 8

*Gulino v. Bd. of Educ.*,
    No. 96 CV 084414(KMW), 2009 WL 2972997 (S.D.N.Y. Sept. 17, 2009) .......................6, 8

*H.L. Hayden Co. of New York v. Siemens Med. Sys., Inc.*,
    797 F.2d 85 (2d Cir. 1986)............................................................................................... 8-9

*Home Ins. Co. v. Liberty Mut. Ins. Co.*,
    No. 87 Civ. 0675 (SWK), 1990 WL 188925 (S.D.N.Y. Nov. 20, 1999).................................6

*In re Am. Int'l Grp., Inc. Derivative Litig.*,
    No. 07 Civ. 10464(LTS), 2009 WL 5061745 (S.D.N.Y. Dec. 23, 2009)...........................6, 8

*In re Bank of New York Derivative Litig.*,
    320 F.3d 291 (2d Cir. 2003)..................................................................................................8

*Ionian Shipping Co. v. British Law Ins. Co.*,
    426 F.2d 186 (2d Cir. 1970)......................................................................................8, 9, 10

*Lawlor v. Nat'l Screen Serv. Corp.*,
   349 U.S. 322 (1955)..................................................................................................8

*Maryland Cas. Co. v. W.R. Grace & Co.*,
   No. 88 Civ. 2613 (JSM), 1996 U.S. Dist. LEXIS 898 (S.D.N.Y. Jan. 30, 1996)................. 5-6

*MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n*,
   471 F.3d 377 (2d Cir. 2006)................................................................................. 3-4, 7

*Mitchell v. Faulkner*,
   No. 07 Civ. 2318(DAB), 2009 WL 585882 (S.D.N.Y. Mar. 5, 2009) ................................5, 10

*Oneida Indian Nation of Wisc. v. New York*,
   732 F.2d 261(2d Cir. 1984)......................................................................................5

*R. Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*,
   467 F.3d 238 (2d Cir. 2006).................................................................................4, 8

*Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*,
   725 F.2d 871 (2d Cir. 1984)....................................................................................7

*Select Retrieval, LLC v. ABT Elecs.*,
   No. 11 C 03752, 2013 WL 6576861 (N.D. Ill. Dec. 13, 2013) ..................................................5

*St. John's Univ., New York v. Bolton*,
   450 F. App'x 81 (2d Cir. 2011) ...............................................................................7

*United States v. Hooker Chems. & Plastics Corp.*,
   749 F.2d 968 (2d Cir. 1984)...................................................................................10

*United States v. Pitney Bowes, Inc.*,
   25 F.3d 66 (2d Cir. 1994) ......................................................................................4

*Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*,
   922 F.2d 92 (2d Cir. 1990)........................................................................... 6, 7-8, 10

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure ("Rule") 24.................................................................1, 3

Rule 24(a)....................................................................................................................4

Rule 24(b)....................................................................................................................9

Interpleader Defendant Wales LLC ("Wales"), by and through its attorneys Jones Day, respectfully submits this memorandum of law in opposition to the motion to intervene (the "Motion") filed by Battenkill Insurance Company, LLC ("Battenkill").

## INTRODUCTION

Battenkill seeks to intervene in this interpleader action exclusively on the basis of a private bilateral contract with Assured Guaranty Municipal Corp. ("Assured") related to the settlement between Assured and yet another entity, UBS Real Estate Securities Inc. ("UBS RESI"). Battenkill has failed to demonstrate that it is entitled to intervene under either of the two standards set forth in Rule 24 of the Federal Rules of Civil Procedure – intervention as of right or permissive intervention. The motion to intervene does not identify any argument, position or perspective that Battenkill could possibly offer this Court that is materially distinct from the arguments that Assured has staked out. Nor does Battenkill adequately demonstrate why Assured, through its counsel Cleary Gottlieb, fails adequately to represent its purported interests. Moreover, Battenkill threatens to inject collateral issues into this litigation, such as disputes between it and Assured arising under their private contract. For all of these reasons, along with the reasons outlined below, Battenkill's motion to intervene should be denied.

## BACKGROUND

On September 25, 2013, Interpleader Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"), solely in its capacity as Trust Administrator under the April 1, 2007 Pooling and Servicing Agreement (the "PSA") for the MASTR Adjustable Rate Mortgages Trust 2007-3 (the "Trust"), initiated this straight-forward interpleader action to adjudicate the respective rights of the Interpleader Defendants with respect to certain proceeds of the Trust (the "Disputed Funds"). [*See* Dkt. No. 1.] On October 25, 2013, Wells Fargo filed an Amended Complaint (the

"Amended Complaint"), naming Wales, Assured, The Depository Trust Company, Cede & Co., and Does 1 through 100 as interpleader defendants.  [*See* Dkt. No. 15.]

The sole dispute in this interpleader is whether, under the Trust's so-called "waterfall" provisions in the PSA, (i) Assured has the right to be generally reimbursed out of the interest waterfall for prior insurance claim payments made to the insured certificates issued by the Trust (the "Insured Certificates"), or (ii) Assured is entitled only to subrogation of the rights of the holders of the Insured Certificates to receive payments that were previously made by Assured.  The resolution of this issue will dictate whether Assured, on the one hand, or the Trust and certain of its investors, including Wales and the other Interpleader Defendants (the "Super Senior Certificateholders"), on the other, are entitled to the Disputed Funds.

On November 20, 2013, Wales and Assured each filed Answers to the Amended Complaint, Wales filed Cross-Claims against Assured, and Assured filed Cross-Claims against Wales and Does 1 through 100.  Just as with the Amended Complaint, both Wales' and Assured's Cross-Claims sought declaratory relief concerning which parties – Assured or the Super Senior Certificateholders – are entitled to the Disputed Funds under the PSA's waterfall provisions.  Wales' Cross-Claims also asserted reformation and unjust enrichment, which are (once again) entirely predicated on which parties are entitled to the Disputed Funds under the PSA's waterfall provisions.  On December 16, 2013, Wales and Assured each filed their respective Answers to the Cross-Claims and the pleadings in this action closed.

On December 5, 2013, during this Court's preliminary conference with the parties, Battenkill appeared and advised the Court of its desire to intervene.  (*See* Musoff Decl., Ex. C at 3, 13-14.)  Battenkill maintains that it has a right to intervene because it serves as reinsurer for Assured pursuant to a certain July 11, 2013 Quota Share Reinsurance Agreement (the

"Reinsurance Agreement").[1]  Pursuant to the Reinsurance Agreement, Battenkill allegedly is entitled to 85% of so-called "Reimbursement Amounts" collected by Assured from the Trust, which are defined as:

> [A]ll cash amounts including those paid from 'excess spread' or characterized as recoveries by subrogation pursuant to the terms of the applicable Covered Transactions paid to [Assured] in its capacity as insurer under the Covered Policies[.]

(*See* Musoff Decl., Ex. B at 4.)

On January 10, 2014, Battenkill filed the instant Motion pursuant to Rule 24 of the Federal Rules of Civil Procedure, seeking to intervene both as of right and by permission.  While the particular issues and arguments identified in the Motion are outlined further below, Battenkill's proposed pleading appears, in short, to be entirely duplicative and derivative of Assured's claims.  (*See* Musoff Decl., Ex. A.)  Furthermore, the Motion demonstrates that Battenkill's intervention threatens to raise collateral issues that are wholly inappropriate in this limited interpleader action concerning the Trust.  (*See* Motion at 13.)

## ARGUMENT

### I.  BATTENKILL DOES NOT SATISFY THE REQUIREMENTS OF RULE 24(A) TO INTERVENE AS OF RIGHT

To intervene as of right in this action, Battenkill must satisfy all four requirements under Rule 24(a):  (1) Battenkill's motion must be timely; (2) Battenkill must demonstrate an interest in the action; (3) Battenkill must show an impairment of that interest arising from the disposition of the action; and (4) Battenkill must have an interest not otherwise adequately protected.  *See* Fed. R. Civ. P. 24(a)(2); *MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 389 (2d

---

[1] Battenkill is a "purely captive" insurance company that is wholly-owned by UBS RESI, the precise entity with whom Assured contends it negotiated the so-called "Commitment Letter" that purportedly memorializes its alleged reimbursement rights.  (*See* Musoff Decl., Ex. B at 1; Assured Cross-Claims [Dkt. No. 27] ¶ 4.)

Cir. 2006). A failure to satisfy any one of these four requirements is sufficient ground to deny the application. *R. Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 241 (2d Cir. 2006). Battenkill fails to satisfy at least three of the four requirements.

### A. Battenkill's Interests Are Adequately Represented by An Existing Party

Battenkill, as a putative intervenor, has the burden to show it has an interest that will not be adequately represented by a named party. *See United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994). The Second Circuit has adopted a "more rigorous showing of inadequacy" where "the putative intervenor and a named party have the same ultimate objective." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001). Therefore, where, as here, Battenkill and Assured share the same objective – a ruling that Assured is entitled to the Disputed Funds – Battenkill must rebut a presumption of adequacy by showing "collusion, adversity of interest, nonfeasance, or incompetence" by the named party's representation. *Id.* at 180.[2] The arguments proffered by Battenkill fall far short of satisfying this heightened burden.

In fact, Battenkill concedes "the positions of Battenkill and Assured are notionally aligned" (*see* Motion at 12), and does not challenge the adequacy of Assured's legal representation, Cleary Gottlieb Steen & Hamilton LLP, in the interpleader action. Instead, Battenkill argues that its rights are not adequately represented by Assured because (i) Battenkill has a larger stake in the outcome of the litigation (*see* Motion at 12-13), and (ii) its interests may diverge from Assured under their private contract *after* the litigation is concluded. (*See id.* at 13-14.) Neither argument negates that Assured and Battenkill have an identical interest to

---

[2] Battenkill itself concedes that its purported claim to the Disputed Funds is "notionally aligned" with Assured's direct claim to those funds in this interpleader. (*See* Motion at 12.) Indeed, Battenkill's proposed Cross-Claims are a mere pared-down version of Assured's Cross-Claims, evidencing that Battenkill not only shares the same interest and objectives but seeks to press the same arguments already competently litigated by Assured. (*Compare generally* Assured Cross-Claims [Dkt. No. 27] *with* Musoff Decl., Ex. A.)

vigorously litigate Assured's entitlement to the Disputed Funds in the interpleader action.

Battenkill's first argument fails because it is its alignment with Assured and not its proportional interest that is relevant.[3] Courts routinely deny intervention where, just as here, the movant is entitled to a share of an existing party's recovery in the action. *See, e.g.*, *Drum Major Music Entm't Inc. v. Young Money Entm't, LLC*, No. 11 Civ. 980(LBS), 2012 WL 208107, at *2 (S.D.N.Y. Jan. 18, 2012) (denying intervention where movant was entitled to a portion of plaintiff's royalties under a private agreement that was "contingent upon, and increases in direct proportion to" plaintiff's recovery of those royalties in the action); *Mitchell v. Faulkner*, No. 07 Civ. 2318(DAB), 2009 WL 585882, at *5 (S.D.N.Y. Mar. 5, 2009) ("Movants and plaintiffs share the same goal in the action before the Court: the full or largest possible recovery of royalties from [defendant] . . . . Movants' alleged claim to a share of the royalties arises only after plaintiffs recover from [defendant]").

Similarly, Battenkill's second argument also fails. If Assured were to lose in the interpleader action, and Battenkill's interests under their private contract were to subsequently diverge from Assured's, this would not negate that their interests are aligned for purposes of the interpleader action, and that Assured will adequately represent those interests.[4] A differing

---

[3] Unlike the cases cited by Battenkill, this is not a case where the putative intervenor has agreed to *completely indemnify*, or has been *completely assigned*, all of an existing party's liabilities or rights/interests. (*Cf.* Motion at 12-13 (citing, *inter alia*, *Select Retrieval, LLC v. ABT Elecs.*, No. 11 C 03752, 2013 WL 6576861, at *3 (N.D. Ill. Dec. 13, 2013) (movant was liable for 100% indemnification of existing party); *Cole Mechanical Corp. v. Nat'l Grange Mut. Ins. Co.*, No. 06 Civ. 2875(LAK)(HBP), 2007 WL 2593000, *4 (S.D.N.Y. Sept. 7, 2007) (same)).) Here, under the Reinsurance Agreement, Assured retains 15% of all recoveries and incurs at least 15% of all liabilities at issue, giving it a firm incentive to vigorously litigate Battenkill's purported interest. *See, e.g.*, Musoff Decl., Ex. B at 9 (assignment clause to Battenkill explicitly carves-out Assured's 15% retained share of Reimbursement Amounts).

[4] The cases cited by Battenkill in support of its position are inapposite. In those cases, the putative intervenor had a conflict with the existing parties regarding the outcome of the litigation itself. (*Cf.* Motion at 13-14 (citing, *inter alia*, *Consol. Edison, Inc. v. Ne. Utils.*, No. 01 Civ. 1893(JGK), 2004 WL 35445, at *6 (S.D.N.Y. Jan. 7, 2004) (putative intervenor had conflicting interest on the type of damages to be awarded); *Oneida Indian Nation of Wisc. v. New York*, 732 F.2d 261, 266 (2d Cir. 1984) (based on pleadings, potential intervenor and existing plaintiffs had conflicting claims to same land at issue); *Maryland Cas. Co. v. W.R. Grace & Co.*, No. 88 Civ. 2613

private motive to seek the same outcome in the interpleader action does not constitute a "divergent interest." *See, e.g.*, *Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir. 1990) (affirming denial of motion to intervene: "A putative intervenor's interest is not inadequately represented merely because its motive to litigate is different from that of a party to the action").

Under these circumstances, Battenkill's Motion must be denied. *See, e.g.*, *Gulino v. Bd. of Educ.*, No. 96 CV 084414(KMW), 2009 WL 2972997, at *4 (S.D.N.Y. Sept. 17, 2009) (denying motion to intervene as of right and by permission where movant and defendant had the same "ultimate objective in the litigation because both want the Court to rule in favor of the Board" and movants failed to rebut presumption of adequate representation); *In re Am. Int'l Grp., Inc. Derivative Litig.*, No. 07 Civ. 10464(LTS), 2009 WL 5061745, at *2-3 (S.D.N.Y. Dec. 23, 2009) (denying motion to intervene as of right and by permission where parties shared the same ultimate objective in derivative action).

### B. Battenkill Otherwise Fails To Claim A Direct Interest That Is The Subject Of This Interpleader Action

To intervene as of right, Battenkill also must show that it has a "direct, substantial, and legally protectable" interest relating to the property or transaction which is the subject matter of this interpleader action. *Washington Elec.*, 922 F.2d at 96-97. Battenkill has described no such interest sufficient to satisfy this rule.

To satisfy this rule, the interest cannot be remote from the subject matter of the

---

(continued…)

(JSM), 1996 U.S. Dist. LEXIS 898, at *5-6 (S.D.N.Y. Jan. 30, 1996) (intervenor had conflicting interest on the merits with existing parties regarding terms of coverage under insurance contracts)).)  Still other cases turned on completely different factors not present here, such as incompetency of existing representation and a total indemnity obligation.  *See, e.g.*, *Home Ins. Co. v. Liberty Mut. Ins. Co.*, No. 87 Civ. 0675 (SWK), 1990 WL 188925, at *6 (S.D.N.Y. Nov. 20, 1999).

proceeding, or contingent upon the occurrence of a sequence of events before it becomes colorable. *Id*. at 97; *see also St. John's Univ., New York v. Bolton*, 450 F. App'x 81, 83 (2d Cir. 2011) (citation omitted) (intervenor's interest was contingent on both a particular outcome in the case at hand, as well as prevailing in a separate action to enforce the agreement with a party to the action). Indeed, in *Restor-A-Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871 (2d Cir. 1984), the Second Circuit affirmed denial of a motion to intervene brought by a general liability insurer on the basis of its purported obligations to indemnify the defendant if it were found liable in the action. In so holding, the Second Circuit noted that the insurer's interest depended on two contingencies: (i) the outcome of the underlying case, and (ii) a subsequent coverage determination under the relevant liability insurance policy because only certain losses were covered. *Id*. at 875.

So, too, here, Battenkill's purported "divergent" interest in the property – its potential obligation to "repay" Assured under its private contract with Assured (*see* Motion at 13) – depends on at least two contingencies: (i) the outcome of this interpleader action, and (ii) the resolution in its favor of a subsequent legal proceeding or negotiation interpreting the Reinsurance Agreement, Battenkill's private contract with Assured.

### C.  The Disposition of this Matter Will Not, As A Practical Matter, Impede Battenkill's Ability To Protect Its Interest

To intervene, Battenkill also must demonstrate an impairment of an interest arising from a particular disposition, *MasterCard Int'l*, 471 F.3d at 389. For the same reasons as outlined above, Battenkill has failed to demonstrate how its own interests, to the extent not already represented by Assured, will be affected by an unfavorable disposition of this suit. Moreover, to the contrary, disposition of this suit in Wales' favor will not and cannot affect Battenkill's own rights and obligations with Assured under the Reinsurance Agreement. *See Wash. Elec.*, 922

F.2d at 98 (holding that disposition of case without the putative intervenor would not operate to bar under collateral estoppel or res judicata any future attempts by putative intervenor to protect its rights); *Ionian Shipping Co. v. British Law Ins. Co.*, 426 F.2d 186, 190 (2d Cir. 1970) ("If Allied is not a party to the suit, then the question of its superior rights cannot arise, for they are irrelevant to Ionian's claim.") (citing *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 326 (1955)); *Drum Major Music Entm't Inc.*, 2012 WL 208107, at *2 ("Intervenor has not shown that 'disposing of the action may as a practical matter impair or impede [his] interest' . . . since he has no direct claims against Defendants and any bona fide claims that he has against Plaintiffs [for a share of any Plaintiff winnings] are not affected by the disposition of this case").

## II. BATTENKILL DOES NOT SATISFY THE REQUIREMENTS OF RULE 24(B) TO PERMISSIVELY INTERVENE

### A. Battenkill Fails To Satisfy The Four Factor Test

Substantially the same four factors are considered in determining a motion for permissive intervention under Rule 24(b) as an application for intervention as of right under Rule 24(a). *In re Bank of New York Derivative Litig.*, 320 F.3d 291, 300 & n.5 (2d Cir. 2003) (citation omitted); *accord R. Best Produce, Inc.*, 467 F.3d at 240. For the reasons outlined above, Battenkill has failed to satisfy at least three of the four factors, and therefore permissive intervention should be denied. *See, e.g.*, *Gulino*, 2009 WL 2972997, at *4 (denying motion for permissive intervention on adequate representation grounds); *accord In re Am. Int'l Grp., Inc. Derivative Litig.*, 2009 WL 5061745, at *3.

### B. Intervention Will Result In Undue Delay And Prejudice

In addition, in exercising its discretion whether to permit intervention under Rule 24(b), "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see H.L. Hayden Co. of New York v.*

*Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986).  The named parties will undoubtedly suffer delay and prejudice if Battenkill were to intervene and file or serve duplicative pleadings, motions or discovery as Assured.  Indeed, Battenkill's allegations are little more than a pared-down version of Assured's cross-claims.  (*Compare generally* Assured Cross-Claims [Dkt. No. 27] *with* Musoff Decl., Ex. A.)[5]

Furthermore, Battenkill has threatened to inject collateral issues into this litigation by seeking to make an issue out of Battenkill's private "repayment" dispute under the Reinsurance Agreement.  (*See* Motion at 13; Musoff Decl., Ex. A at 21 (Fourth Affirmative Defense).)  Introduction of a private contract dispute into this action will prejudice the existing parties by delaying and complicating the interpleader matter.  This prejudice is magnified given the considerable and growing amount of Disputed Funds in escrow pending resolution of this case.  (*See* Amended Complaint ¶ 37.)

Under these circumstances, permissive intervention should be denied.  *See Citizens Against Casino Gambling in Erie Cnty. v. Hogen*, 417 F. App'x 49, 51 (2d Cir. 2011) (affirming denial of motion to intervene where intervenors planned to introduce collateral issues into the litigation and thus prejudice the parties); *see also Am. Lung Ass'n v. Reilly*, 141 F.R.D. 19, 23 (E.D.N.Y. 1992) *aff'd*, 962 F.2d 258 (2d Cir. 1992) (denying intervention on delay and prejudice grounds where putative intervenor would duplicate representation of existing party).

### C. Intervention Should Be Denied Because Battenkill Fails To Demonstrate How It Will Uniquely Contribute To This Interpleader

Furthermore, in weighing permissive intervention, courts consider whether the putative

---

[5] Should the Court in its discretion permit Battenkill to intervene, the Court should impose conditions on Battenkill's intervention barring it from filing or serving any duplicative pleadings, motions or discovery.  *See, e.g.*, *Ionian Shipping Co.*, 426 F.2d at 191-92 (imposing conditions on a grant of an application to intervene); *see also Chevron Corp. v. Donziger*, No. 11 Civ. 0691(LAK), 2011 WL 2150450, at *5-6 (S.D.N.Y. May 31, 2011) (intervention limited to certain cross-examination and discovery objections issues).

intervenor will provide a unique contribution to resolving the action. *See, e.g.*, *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 991 (2d Cir. 1984) (affirming denial of permissive intervention where intervenors "have asked for little that is new or even particularly different from the relief sought by plaintiffs"). Here, Battenkill has not demonstrated that it has anything unique to offer to the interpleader action. Indeed, to the contrary, as discussed above, Battenkill's proposed allegations in fact mirror Assured's. (*Compare generally* Assured Cross-Claims [Dkt. No. 27] *with* Musoff Decl., Ex. A.) Moreover, the interpleader action is fundamentally about the construction of a set of contracts as to which Battenkill could not have any unique insights, as Battenkill is not a party, and Battenkill did not even come into existence until years after the relevant contracts were executed. (*See* Motion at 4.)[6]

### III. INDEPENDENTLY, INTERVENTION IS INAPPROPRIATE BECAUSE IT WOULD ALTER THE LIMITED SCOPE OF THIS INTERPLEADER ACTION

It is well settled in the Second Circuit that "[i]ntervention cannot be used as a means to inject collateral issues into an existing action." *Wash. Elec.*, 922 F.2d at 97. Instead, those seeking to intervene "must take the pleadings in a case as they find them." *Id*. As outlined above, Battenkill has represented that it may seek to inject private contract claims into this trust interpleader. The Motion should be denied for this reason alone. *See Mitchell*, 2009 WL 585882, at *4 (motion to intervene denied in breach of contract action concerning royalty rights where movant threatened to inject a derivative claim to those rights under the terms of its own separate agreement that was not at issue in the case); *Compagnie Noga D'Imp. Et D'Exp. S.A. v. The Russian Fed'n*, No. 00 Civ. 0632(WHP), 2005 WL 1690537, at *4 (S.D.N.Y. July 20, 2005) (denying motion to intervene where movant sought to intervene "not to advance the underlying

---

[6] As Battenkill has nothing unique to add at the motion for judgment on the pleadings stage, should the Court in its discretion permit Battenkill to intervene, the Court should not do so until after a decision on such motion. *See, e.g.*, *Ionian Shipping Co.*, 426 F.2d at 191-92; *Chevron Corp.*, 2011 WL 2150450, at *5.

litigation but to raise a new issue concerning how much of any recovery [plaintiff] must allocate to [it]").

## CONCLUSION

For the foregoing reasons, Battenkill's motion to intervene should be denied in its entirety.

Dated: January 24, 2014
       New York, New York

/s/ Jayant W. Tambe
Jayant W. Tambe (JT-0118)
Kelly A. Carrero (KC-5218)
Alex P. McBride (AM-1979)
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Attorneys for Interpleader Defendant Wales LLC*
