UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, N.A., solely in its capacity as Trust Administrator of MASTR Adjustable Rate Mortgage Trust 2007-3,<br><br>    Interpleader Plaintiff,<br><br>  - against -<br><br>WALES LLC, ASSURED GUARANTY MUNICIPAL CORP. (f/k/a FINANCIAL SECURITY ASSURANCE INC.), THE DEPOSITORY TRUST COMPANY, CEDE & CO., as registered Holder of certain Certificates and nominee name of the Depository Trust Company, and DOES 1 through 100, beneficial owners of certain Certificates,<br><br>    Interpleader Defendants. | Case No. 13 Civ. 06781 (PGG) (HP) |

**RESPONSE OF WELLS FARGO BANK, N.A. TO WALES LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C) AND REQUEST FOR CERTAIN JUDICIAL RELIEF**

Interpleader Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"), solely in its capacity as Trust Administrator under the Pooling and Servicing Agreement for MASTR Adjustable Rate Mortgages Trust 2007-3 ("MARM 2007-3 Trust" or the "Trust"), dated as of April 1, 2007, by and among Mortgage Asset Securitization Transactions, Inc., as Depositor; UBS Real Estate Securities Inc., as Transferor; Wells Fargo, as Master Servicer, Trust Administrator, Custodian and Credit Risk Manager; and U.S. Bank National Association, as Trustee (the "PSA")[1], submits this memorandum of law in response to the Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (the "Motion") filed by Interpleader Defendant Wales LLC ("Wales") and in support of its request for certain judicial relief.

## RESPONSE

In the instant Motion, Wales, a beneficial owner of Certificates issued by the Trust, seeks an order granting its motion for judgment on the pleadings, dismissing the crossclaim brought by Assured Guaranty Municipal Corp.'s ("Assured") as moot and declaring that, as a matter of law, the governing documents at issue limit Assured's rights to reimbursement to subrogation. Wales also seeks judgment, based on its interpretation of the PSA, requiring the return to the Trust of any amounts that Wales contends Assured received erroneously and the distribution of the amounts currently held in escrow by Wells Fargo in accordance with Wales' interpretation of the PSA. *See* Wales' Notice of Motion at 1-2. Wells Fargo, as Interpleader Plaintiff, does not take a position in support of, or in opposition to, the Motion.

Wells Fargo submits this response to note that this action is an appropriate case for interpleader and that Wells Fargo should be entitled to relief as a disinterested stakeholder in the event that the Court is inclined to grant the Motion. Wells Fargo commenced this action to

---

[1] All capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the PSA.

obtain an adjudication of the respective rights of the Interpleader Defendants with respect to the proceeds from the Trust that are now held in escrow by Wells Fargo. *See* Am. Interpleader Compl. [Dkt. 15], ¶¶ 1, 34, 35.  As acknowledged by the interested Interpleader Defendants in this action, Wells Fargo has been confronted with competing claims with respect to the rights to the funds that have been placed in escrow.  *See, e.g.*, Answer and Crossclaims of Interpleader Defendant Wales LLC [Dkt. 25], ¶¶ 1, 45, 109; Answer of Assured Guaranty Municipal Corp. (f/k/a Financial Security Assurance Inc.) to Amended Interpleader Complaint and Crossclaim [Dkt. 27], ¶¶ 1, 34 (Answer), 5, 40, 50 (Crossclaim).

    Nothing in the Motion is to the contrary.  Wales does not contend that Wells Fargo has improperly brought the interpleader action, and Wales does not claim that Wells Fargo has an interest in the escrowed funds.  Instead, Wales, while asserting that the PSA should be interpreted by this Court in its favor, acknowledges the existence of the dispute among the Interpleader Defendants and that Wells Fargo faces competing demands by the Interpleader Defendants with respect to the Trust proceeds held by it in escrow. *See* Memorandum of Law in Support of Wales LLC's Motion for Judgment on the Pleadings, at 11-13.

    Thus, as a result of the multiple liability faced by Wells Fargo, interpleader is proper here.  *See Washington Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993) ("Under Rule 22, interpleader is proper if the party requesting it is or may be exposed to double or multiple liability….  Rooted in equity, interpleader is a handy tool to protect a stakeholder from multiple liability and the vexation of defending multiple claims to the same fund.") (internal quotations and citations omitted).  Moreover, in the event that this action is resolved, Wells Fargo, as a disinterested stakeholder, is entitled to appropriate interpleader relief.  Specifically, by commencing the interpleader action, Wells Fargo is entitled to seek,

among other things, the discharge of the multiple liability it faces. *See, e.g.*, *Hausler v. JP Morgan Chase Bank, N.A.*, 740 F. Supp. 2d 525, 541-542 (S.D.N.Y 2010).

Wells Fargo therefore requests that, should the Court be inclined to grant the Motion, or to grant judgment in favor of any of the Interpleader Defendants, that Wells Fargo be permitted to seek an award of all relief available to it as a disinterested stakeholder in this properly filed interpleader action, including without limitation, an order restraining any of the Interpleader Defendants from commencing or prosecuting any separate proceeding against Wells Fargo concerning or relating to the issues in this action; and awarding Wells Fargo and the Trust such other and further relief sought by Wells Fargo in the Amended Complaint. Wells Fargo's Am. Interpleader Compl. [Dkt. 15] at 13-14.

## CONCLUSION

For all of the foregoing reasons, Wells Fargo respectfully requests that should the Court grant judgment in favor of any of the Interpleader Defendants, (1) the Court restrain the Interpleader Defendants and all claiming through or acting with them, or claiming any interest in the escrowed funds, from commencing or prosecuting any separate proceeding against Wells Fargo concerning or relating to the issues in this action and (2) the Court award Wells Fargo and the Trust such other and further relief as the Court may deem just, proper, and equitable.

Dated: New York, New York
October 29, 2014

                      SEWARD & KISSEL LLP

                      By:  /s/ Dale C. Christensen, Jr.
                      Dale C. Christensen, Jr.
                      Thomas Ross Hooper
                      Rebecca E. Algie
                      One Battery Park Plaza
                      New York, New York 10004
                      (212) 574-1200

*Attorneys for Interpleader Plaintiff Wells Fargo Bank, N.A., solely in its capacity as Trust Administrator of MASTR Adjustable Rate Mortgages Trust 2007-3*

## CERTIFICATE OF SERVICE

        I certify that on October 29. 2014, I caused the foregoing Response of Wells Fargo Bank, N.A. to Wales LLC's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and Request for Certain Judicial Relief to be served by electronic and overnight mail on the following counsel:

Jayant W. Tambe
Kelly A. Carrero
Alex P. McBride
Jones Day
222 East 41st Street
New York, NY 10017
*Attorneys for Interpleader Defendant and*
*Cross-Claim Defendant Wales LLC*

Eric P. Heichel
Eiseman, Levine, Lehrhaupt & Kakoyiannis, P.C.
805 Third Avenue, 10th Floor
New York, NY 10022
*Attorneys for Interpleader Defendants The*
*Depository Trust Company and Cede & Co.*

Roger A. Cooper
James W. Doggett
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
*Attorneys for Interpleader Defendant and*
*Cross-Claim Defendant*
*Assured Guaranty Municipal Corp.*
*(f/k/a Financial Security Assurance Inc. )*

                                                 /s/ Dale C. Christensen, Jr.
                                                    Dale C. Christensen, Jr.